1    THE HONORABLE MARSHA J. PECHMAN

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10   ROGER and JANET STEGALL, husband
     and wife, and the marital community
11   composed thereof,                         No.: C08-668MJP

12                    Plaintiffs,
                                               DECLARATION OF TONI Y. ANDERS IN
13          v.                                 OPPOSITION TO PLAINTIFFS' MOTION
                                               FOR PARTIAL SUMMARY JUDGMENT
14
     HARTFORD UNDERWRITERS
15   INSURANCE COMPANY, an insurance
     company,
16
                      Defendant.
17

18          I, Toni Y. Anders, declare as follows:

19          1.      I am an attorney with Bullivant Houser Bailey, P.C. ("BHB").  I am one of the

20   attorneys retained by Hartford Underwriters Insurance Company to defend it in the above–

21   referenced lawsuit filed by Roger and Janet Stegall.  I make this declaration in opposition to

22   Plaintiffs' motion for partial summary judgment.  I am over the age of 18 and competent to

23   make this declaration based upon my personal knowledge.

24          2.      Hartford retained BHB shortly after this litigation began to represent Hartford

25   in the defense of this lawsuit.  Between that time and mediation, I was in regular contact with

26

1  Plaintiffs' attorneys Michael Watkins and Timothy Bearb, sometimes receiving email

2  messages, faxes, and telephone calls from each of them, separately, in a single day.  Mr.

3  Watkins and Mr. Bearb were actively pursuing the lawsuit for Plaintiffs, and I was actively

4  defending Hartford.  At no time did I adjust or assist a claims adjuster in the adjustment of

5  Plaintiffs' claim.

6        3.      In the first few months after Plaintiffs filed suit, I communicated regularly

7  with Mr. Watkins and Mr. Bearb.  Typically, when they wrote letters, they faxed and mailed

8  their letters.  On March 17, 2008, Plaintiffs' attorneys sent two letters.  In one letter – the

9  letter that is the subject of this motion – Plaintiffs' attorneys asked two questions regarding

10 Hartford's investigation.  I did not receive this letter.  The other letter, dated March 14 and

11 which I did receive, was Plaintiffs' settlement demand.  Attached hereto as pp. 5-6 is a true

12 and correct copy of the March 17 letter from Mr. Bearb.  Attached hereto as p. 7 is a true and

13 correct copy of page 1 from Plaintiffs' settlement demand.

14       4.      The March 17 letter that is the subject of Plaintiffs' motion was sent only to

15 me.  The letter was never sent by Plaintiffs directly to Hartford.  According to BHB's

16 records, the March 17 letter was received in our copy center.  However, due to human error,

17 the letter never reached my office and my attention.  After I discovered, in April, that

18 Plaintiffs had sent this letter, I spoke with BHB's Seattle office manager, who changed the

19 procedures for receiving faxes.  Now, all faxed communications are immediately scanned to

20 their intended recipients and routed in hardcopy to the recipients' offices.

21       5.      Although I did not receive the March 17 letter, I spoke with Mr. Bearb about

22 Hartford's defenses.  On the morning of March 18, I spoke with Mr. Bearb by telephone.  I

23 understood that he was driving to a court appearance and had called from his cell phone.  Mr.

24 Bearb and I had a long conversation – lasting over 40 minutes – in which we discussed

25 Plaintiffs' allegations and Hartford's defenses.  I told Mr. Bearb that after the actual cash

26 value was paid, Plaintiffs never contacted Hartford to collect the depreciation holdback; that

DECLARATION OF TONI Y. ANDERS IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Page 2

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

1 | Hartford believed it had paid what was owed on Plaintiffs' claim; and that Plaintiffs never

2 | contacted Hartford or otherwise gave Hartford an opportunity to address any perceived

3 | problems in the claims adjustment or payment.

4 |    6.    On March 27, Plaintiffs filed a 20-day notice with the Insurance

5 | Commissioner of their intent to make a claim under the Washington Insurance Fair Conduct

6 | Act ("WIFCA"). Mr. Watkins sent a copy to me. Attached hereto as p. 8 is a true and

7 | correct copy of the cover page from Plaintiffs' WIFCA notice.

8 |    7.    On April 8, I responded to Plaintiffs' WIFCA notice. Attached hereto as pp.

9 | 9-10 is a true and correct copy of my April 8 letter.

10 |    8.    On April 14, I received Plaintiffs' Second Requests for Admissions. These

11 | discovery requests included a copy of the March 17 letter, the existence of which I was

12 | unaware until then. Neither Mr. Watkins nor Mr. Bearb ever mentioned the subject letter in

13 | our post-March 17 communications. Attached hereto as p. 11 is a true and correct copy of an

14 | excerpt from Plaintiffs' Second Requests for Admissions.

15 |    9.    On April 16, I notified Mr. Bearb that I had only just received the March 17

16 | letter. In my April 16 letter, I discussed the March 17 letter, discovery, and other matters.

17 | Attached hereto as pp. 12-13 is a true and correct copy of my April 16 letter to Mr. Bearb.

18 |    10.    On April 18, I served Hartford's Answer to the Complaint on Plaintiffs'

19 | counsel.

20 |    11.    On April 21, Mr. Watkins wrote to me about the March 17 letter. Three days

21 | later, I responded, discussing the letter and other litigation matters. Attached hereto as pp.

22 | 14-15 is a true and correct copy of Mr. Watkins's April 21 letter. Attached hereto as pp. 16-

23 | 17 is a true and correct copy of my April 24 response.

24 |    12.    On May 14, I wrote to Mr. Watkins again, expressing Hartford's position

25 | regarding its claims investigation, its claim payment, and its defenses. Attached hereto as pp.

26 | 18-19 is a true and correct copy of my May 14 letter to Mr. Watkins.

DECLARATION OF TONI Y. ANDERS IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Page 3

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

1      13.    On August 12, Mr. Bearb confirmed that he and I spoke on March 18, and that

2  I explained Hartford's position.  Attached hereto as pp. 20-21 is a true and correct copy of

3  Mr. Bearb's August 12 letter.

4      Dated this 13th day of October 2008 at Seattle, Washington.

5

6                                        /s/ Toni Y. Anders
                                     Toni Y. Anders

7

8

9                              **CERTIFICATE OF SERVICE**

10      I hereby certify that on October 13, 2008, I electronically filed the foregoing and

11  Declaration of Toni Y. Anders in Opposition to Plaintiffs' Motion for Partial Summary

12  Judgment with the Clerk of the Court using the CM/ECF system which will send notification

13  of such filing to the persons listed below:

14  Michael T. Watkins
   Timothy A. Bearb
15  Law Offices of Michael T. Watkins
   1100 Dexter Ave. N
16  Seattle, WA  98109
17  michael@mtwlawfirm.com
   timothy@mtwlawfirm.com

18

19

20                        Tracy Horan
   Tracy Horan

21

22

23  10843126.1

24

25

26

LAW OFFICES OF
# MICHAEL T. WATKINS

MICHAEL T. WATKINS*
ATTORNEY AT LAW
*ALSO ADMITTED IN CALIFORNIA
E-MAIL: MICHAEL@MTWLAWFIRM.COM

TIMOTHY A. BEARB
ATTORNEY AT LAW
E-MAIL: TIMOTHY@MTWLAWFIRM.COM

SONIA CHAKALO
PARALEGAL
E-MAIL: SONIAC@MTWLAWFIRM.COM

March 17, 2008

VIA FACSIMILE
206.386.5130

Toni Anders, Esq.
Bullivant Houser Bailey, PC.
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101

RE:   *Roger and Janet Stegall v. Hartford Underwriters Insurance Company.*

> Your Insured:      Roger and Janet Stegall
> Your Claim No.:    PP0006877621
> Date of Loss:      December 15, 2006

Dear Ms. Anders:

Thank you for speaking with me regarding Mr. and Mrs. Stegall's case.

At this time, we respectfully request clarification of Hartford's position with respect to its investigation of the Stegall's claim:

1.   Have you completed your investigation of the Stegall's above-referenced claim? If not, what additional information do you need to complete your investigation?

2.   If you have completed your investigation of the Stegall's above-referenced claim, what amount do you contend they are owed pursuant to their insurance policy?

5

We respectfully request that you respond to these questions pursuant to WAC 284.30.360(1).

If you have any questions, or need anything from us, please contact our office.

Very truly yours,

Timothy A. Bearb

LAW OFFICES OF
# MICHAEL T. WATKINS

MICHAEL T. WATKINS*
ATTORNEY AT LAW
*ALSO ADMITTED IN CALIFORNIA
E-MAIL: MICHAEL@MTWLAWFIRM.COM

TIMOTHY A. BEARB
ATTORNEY AT LAW
E-MAIL: TIMOTHY@MTWLAWFIRM.COM

SONIA CHAKALO
PARALEGAL
E-MAIL: SONIAC@MTWLAWFIRM.COM

## ER 408 Settlement Correspondence

March 14, 2008

VIA FACSIMILE
206.386.5130

Toni Anders, Esq.
Bullivant Houser Bailey, PC.
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101

RE:   *Roger and Janet Stegall v. Hartford Underwriters Insurance Company.*

Dear Ms. Anders:

I enjoyed speaking with you today regarding this case.    Below is a description of the claim and damages we spoke of on the phone.

The purpose of this letter is to provide you with our analysis of Hartford Underwriters Insurance Company's ("Hartford") claims handling violations related to Mr. and Mrs. Stegall's (the "Stegalls") December 15, 2006 property loss, as well as present you with a demand for settlement. This letter and attached materials are presented to you by the plaintiff solely for settlement purposes pursuant to ER 408. This submittal is confidential and none of the information presented in this correspondence or the related attachments may be used in any court proceeding.

### A.    Factual Background and WAC Violations

The Stegalls reside in Bothell, Snohomish County, Washington. They are insured by a homeowner's insurance policy issued by Hartford. The policy, which was in force and effect on December 15, 2006, covered the Stegalls'



**COVER SHEET**

**INSURER FAIR CONDUCT ACT**

**Please fill out and attach with your claim submission to the OIC**

**ATTN: Christine M. Tribe**
Paralegal, Legal Affairs Division
**Office of Insurance Commissioner**
Insurance 5000 Building
P.O. Box 40255
Olympia, WA 98504-0255

**Complainant/Insured:** _Janet and Roger Stegall_

**Insurance Company:** _Hartford Underwriters Ins. Co._

**Line of Insurance:** _Homeowners Policy_

**Reason for claim: (Check any or more that apply)**

[X] **Specific Unfair Claims Settlement Practices Defined (WAC 284-30-330)**

[ ] **Misrepresentation of Policy Provisions (WAC 284-30-350)**

[ ] **Failure to Acknowledge Pertinent Communications (WAC 284-30-360)**

[ ] **Standards for Prompt Investigation Of Claims (WAC 284-30-370)**

[X] **Standards for Prompt, Fair And Equitable Settlements Applicable to All Insurers (WAC 284-30-380)**

[X] **An unfair claims settlement practice rule adopted and codified in chapter 284-30 of the Washington Administrative Code by the insurance commissioner intending to implement the Insurer Fair Claims Act; or**

[X] **for unreasonably denying a claim for coverage or payment of benefits under the Insurance Fair Conduct Act. (RCW 48.30)**

[ ] **Other**

**BB Bullivant|Houser|Bailey** PC

Attorneys at Law

TONI Y. ANDERS
Direct Dial: (206) 521-6458
E-mail: toni.anders@bullivant.com

April 8, 2008

Timothy A. Bearb
Law Offices of Michael T. Watkins
1100 Dexter Ave. N
Seattle, WA 98109

> Re:   Stegall, et ux. v. Hartford Underwriters
>         USDC Case No. C08-0212TSZ

Dear Timothy:

We received the Stegalls' March 14, 2008, demand and March 27, 2008, 20-day notice submitted pursuant to the Insurance Fair Conduct Act. The Insurance Fair Conduct Act became effective December 6, 2007, almost a year after the Stegalls' claim arose. Because the Act does not apply retroactively, it does not apply to the Stegalls' claim. Even if it did, twenty days is not sufficient time for The Hartford to resolve this matter. The Hartford has retained Jim Perrault of JRP Engineering to assist it in assessing the Stegalls' damages. Mr. Perrault will need to make arrangements to inspect the Stegalls' home and may need to speak directly with Ryan Miletich of Alliance Restoration Services. If Mr. Perrault has authority to speak directly with Mr. Miletich, please advise.

As for the Stegalls' claims that The Hartford unreasonably denied payment, unreasonably delayed settlement, and failed to notify the Stegalls of the suit limitation clause, I must remind you that The Hartford only became aware that the Stegalls believe they were inadequately compensated for their loss after they filed suit. Our office propounded discovery, but has yet to receive any information from the Stegalls to suggest that they contacted The Hartford with their $16,000 estimate, or any other, and gave The Hartford an opportunity to address any perceived shortfall in the claim payment. The Hartford paid the Stegalls based on actual cash value, based on the amount of the initial estimate less a deduction for depreciation. The Stegalls did not contact The Harford to say that any of the repairs had been completed in order to recover any of the depreciation. In short, the Stegalls never gave The Hartford an opportunity to address their concerns, to re-inspect the property, or to determine whether any additional payments were owed to the Stegalls. It can hardly be considered bad faith or a violation of any statute not to pay claims of which The Hartford never knew and could not investigate.

Timothy A. Bearb
April 8, 2008
Page 2

At this time, The Hartford cannot accept the Stegalls' demand of $37,791.71, but requests additional time in which to resolve the claim. Although discovery requests should be broad enough to include all documents to support this demand, I ask that you provide details regarding what the Stegalls did in the 40 hours they claim they spent on repairs and justification for a rate of $30 per hour for that work; documentation for the $5,365.91 in temporary repairs they are claiming and what those temporary repairs entail; and proof that they spent $1,589.68 on temporary repairs. As for attorney fees, did you intend to demand $14,805 in attorney fees on March 27, when you identified fees of $10,000 on March 14?

Finally, you and I discussed mediation in one of our earlier conversations. Are the Stegalls interested in an early mediation? The Hartford would also be willing to sit down with you and the Stegalls to try and resolve this matter between the parties. But first, The Hartford needs to have Mr. Perrault inspect the property. Let me know if the Stegalls are willing to meet to try and resolve their claim or mediate instead of, or in addition to, an informal face-to-face.

In the meantime, I look forward to receiving the discovery, particularly support for the damages they claim in their March 17 and March 27 letters. If you have any questions, please call.

Sincerely,

Toni Y. Anders

TYA:tya
10492915.1

RECEIVED

APR 1 4 2008

BULLIVANT, HOUSER, BAILEY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

ROGER and JANET STEGALL, husband and wife, and the marital community composed thereof,

                Plaintiffs,

    v.

HARTFORD UNDERWRITERS INSURANCE COMPANY, an insurance company,

                Defendant.

NO.  07-2-39457-5 SEA

**PLAINTIFFS' SECOND REQUESTS FOR ADMISSION TO DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY**

**TO:    DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY**

Pursuant to CR 26 and 36, you are hereby served with the original of the following Requests for Admission.  You are requested to answer the requests in writing and under oath within the space provided or using additional space, if necessary, and thereafter to serve a copy of the same upon counsel for plaintiff within forty (40) days after service hereof.

If the response to any of these requests is anything other than an unqualified admission of the facts stated in the request, the response shall admit each fact that is true and qualify or deny the remainder of the facts stated in the request.  **If you cannot admit or deny a fact, you must set forth in detail the reasons why you cannot truthfully admit or deny the matter.  A lack of**

PLAINTIFFS' SECOND REQUESTS FOR ADMISSION TO
DEFENDANT HARTFORD UNDERWRITERS INSURANCE
COMPANY — 1

ORIGINAL

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA  98109
206/288-5888; FAX: 206/288-5999

**Bullivant|Houser|Bailey** PC

Attorneys at Law

TONI Y. ANDERS
Direct Dial: (206) 521-6458
E-mail: toni.anders@bullivant.com

April 16, 2008

Timothy A. Bearb
Law Offices of Michael T. Watkins
1100 Dexter Ave. N
Seattle, WA 98109

Re:    Stegall, et ux. v. Hartford Underwriters
          USDC Case No. C08-0212TSZ

Dear Timothy:

On April 14, 2008, we received the Stegalls' discovery requests enclosed with your letter dated April 11. Attached to the interrogatories and requests for production is a letter dated March 17, which, before now, I had not seen. I received your March 14 and March 27 letters, but the March 17 letter never reached me. I will check our facsimile records to determine whether there was a problem on our end.

The March 17 letter was addressed to me and asked for clarification of The Hartford's position regarding the Stegall's 2006 claim. You requested a response pursuant to WAC 284.30.360(1), the Washington regulation governing an insurer's response time upon receiving notification of a claim. It is our opinion that you cannot invoke a claim-handing regulation in the context of a letter to counsel in a matter that is now in litigation. Nonetheless, The Hartford's position regarding the claim and this lawsuit should be clear. You and I have had several conversations regarding the positions of our respective clients. I recall speaking with you at length on March 18 about this very subject as we discussed settling this claim. The Hartford's position is also addressed in its Answer and in my April 8 letter to you. As always, I am happy to continue to discuss these matters with you informally. In addition, because you reiterated your questions in the Stegalls' written discovery requests, The Hartford will respond pursuant to discovery rules.

As for The Hartford's and my requests for information from the Stegalls, you are correct that I have asked repeatedly for any information from your clients that they contacted The Hartford and relayed to The Hartford that the insurance payment was insufficient, told The Hartford about their alternate repair bid, or gave The Hartford any opportunity to address any perceived shortfall in the claim payment before they sued The Hartford. No information has been produced, informally or formally, since I began asking in February. If

12

Timothy A. Bearb
April 16, 2008
Page 2

the Stegalls are prepared to say that, before they sued, they gave The Hartford an opportunity
to address their concerns, then your clients must be able to support that assertion, and they
need to do it on the strength of their evidence. If they don't have it, I assume we will be so
advised on or before May 4 when your clients' discovery responses are due.

In the meantime, we are still waiting for the CD of photographs you agreed to send to
us on April 4. Let me know when you will send it. We would like to have the photographs
before Mr. Perrault inspects the site. We will share with Mr. Perrault that he may contact
Alliance Restoration directly, as needed. When you say that Mr. Howson should be "party to
all communications," do you mean that he should be copied on all written communications
or that Mr. Perrault should arrange a conference call to include Mr. Howson whenever he
needs to speak with Alliance Restoration? Also, should Mr. Perrault contact Mr. Howson to
arrange the site visit?

Sincerely,

Toni Y. Anders

TYA:tya
10508372.1

LAW OFFICES OF
# MICHAEL T. WATKINS

MICHAEL T. WATKINS*
ATTORNEY AT LAW
*ALSO ADMITTED IN CALIFORNIA
E-MAIL: MICHAEL@MTWLAWFIRM.COM

TIMOTHY A. BEARB
ATTORNEY AT LAW
E-MAIL: TIMOTHY@MTWLAWFIRM.COM

SONIA CHAKALO
PARALEGAL
E-MAIL: SONIAC@MTWLAWFIRM.COM

April 21, 2008

VIA FACSIMILE
206.386.5130

Toni Anders, Esq.
Bullivant Houser Bailey, PC.
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101

RE:   *Roger and Janet Stegall v. Hartford Underwriters Insurance Company.*

> Your Insured:      Roger and Janet Stegall
> Your Claim No.:   PP0006877621
> Date of Loss:      December 15, 2006

Dear Ms. Anders:

Thank you for your letter of April 18, 2008 concerning the above referenced matter. We appreciate your prompt response.

We acknowledge receipt of, and thank you for your Answer. As we stated in our April 18, 2008 correspondence, we will withdraw the draft Motion for Default that we provided to you.

As you confirmed in your letter, we realize that we are precluded from contacting Hartford directly. That is precisely the reason we sent our March 17, 2008 correspondence to Hartford, through your office, and referenced WAC 284.30.360.[1]  It is our position that notice to your office was notice to Hartford, and its admitted failure to respond within the required 10 day time

---

[1] An appropriate reply shall be made within ten working days. . . on all other pertinent communications from a claimant which reasonably suggest that a response is expected.

frame constitutes another violation of the Washington Administrative Code and a per se violation of the Consumer Protection Act. Because Hartford has been unwilling to resolve this case on terms acceptable to the Stegalls, it is our intention to prepare and file Motions for Partial Summary Judgment on each Washington Administrative Code claims handling section we believe Hartford has violated with respect to the Stegalls' insurance claim.

Thank you for your attention to these matters, and if you need anything, please contact our office.

Very truly yours,

Dictated and reviewed;
sent without signature
to avoid delay

Michael T. Watkins

15

**⬛B Bullivant|Houser|Bailey** PC

Attorneys at Law

TONI Y. ANDERS
Direct Dial: (206) 521-6458
E-mail: toni.anders@bullivant.com

April 24, 2008

*Via Facsimile*

Michael T. Watkins
Law Offices of Michael T. Watkins
1100 Dexter Ave. N
Seattle, WA 98109

Re:    Stegall, et ux. v. Hartford Underwriters
          USDC Case No. C08-0212TSZ

Dear Michael:

        In response to your April 21 letter, The Hartford does not agree that it failed to
respond to the questions asked in your March 17 letter. Although neither The Hartford nor I
received your letter before you served your clients' second discovery requests on April 23,
2008, The Hartford did in fact respond to those questions in the context of two settlement
discussions I had with Timothy Bearb on March 18.

        On March 18, at approximately 8:45 a.m., I spoke with Timothy on his mobile phone
for almost an hour regarding the Stegalls' claim, the Stegalls' position regarding breach of
contract claim and bad faith, and The Hartford's position regarding the same. Specifically, I
explained to Timothy that until the Stegalls filed suit, The Hartford believed it paid what was
owed on the Stegalls' 2006 claim and never had the opportunity to address any perceived
shortfall in the claim payment before the claim was closed. As I explained to Timothy, The
Hartford had no reason to believe that anything else was owed because the Stegalls never
presented The Hartford with an expert report or estimate for repairs that exceeded The
Hartford's estimate.

        When Timothy called back later on March 18, we revisited The Hartford's
investigation and our clients' respective positions regarding the claim investigation. We
ended our conversation without having reached settlement, but with what seemed to be the
understanding that The Hartford needed to retain an expert to review the Stegalls' damage
estimate and inspect damages at the Stegalls' home. Timothy proposed that we jointly hire
an estimator and agree to be bound by his findings, but The Hartford chose to retain Jim
Perrault of JRP Engineering to assist it in evaluating the scope of the claimed loss.

        Even if you could invoke the claim-handling regulations in the context of your post-
litigation communications with me, which you cannot, The Hartford complied with those
regulations. Although I was unaware that I was actually responding to inquiries made in
your March 17 letter, The Hartford did authorize me to speak with your office regarding its

Michael T. Watkins
April 24, 2008
Page 2

position in an effort to settle this claim. I did so the day after you faxed your letter. As such, The Hartford made an appropriate reply to your inquiry one business day after the letter was faxed. I also reiterated The Hartford's position in my April 8 letter to Timothy.

Your clients filed suit without first telling The Hartford that they had an estimate that exceeded The Hartford's estimate and could not complete the repairs for the amount The Hartford estimated. After suit was filed, I asked for information regarding the Stegalls' damages. On February 5 and February 26, I requested information regarding damages. I also made a formal request in discovery, which was served on February 27. On March 27, Timothy asked for a five-day extension to respond to discovery. Instead of responding within five days, after the claim was remanded to state court, your office took the position that the Stegalls did not have to respond at all. Essentially, the Stegalls refused to respond to discovery they had for over a month because it was presented with a federal court caption. Instead of arguing or moving to compel, The Hartford simply changed the pleading and re-served the discovery.

Over a month after my initial request, the Stegalls finally presented a demand and damage estimate, after which The Hartford attempted to settle with them. However, that The Hartford and the Stegalls cannot reach a mutually agreeable settlement is not evidence of bad faith. The terms proposed by the Stegalls are not acceptable to The Hartford and are not supported by The Hartford's ongoing investigation.

We will continue to attempt to resolve this lawsuit expeditiously and cost-effectively. Your efforts to ascribe bad faith intent to The Hartford's conduct, under circumstances where you clients have held all the cards for more than a year, are misplaced and mistaken. I suggest that we agree to a mediator and schedule mediation promptly. I suggest, Ron Dinning, Chris Soelling, or Dale Kingman. Let me know your thoughts.

Sincerely,

Toni Y. Anders

TYA:tya
cc:    Client
       John Bennett

10534801.1

**HB Bullivant|Houser|Bailey** PC

Attorneys at Law

TONI Y. ANDERS
Direct Dial: (206) 521-6458
E-mail: toni.anders@bullivant.com

May 14, 2008

Michael T. Watkins
Law Offices of Michael T. Watkins
1100 Dexter Ave. N
Seattle, WA 98109

      Re:    Stegall, et ux. v. Hartford Underwriters
               USDC Case No. C08-0212TSZ

Dear Michael:

      I received your letter dated May 8, 2008. Because accusatory letter exchanges are unproductive, I will not engage in a war of correspondence. Suffice it to say that we disagree with your assertions.

      As for your questions, Mr. Perrault has not provided a report of his findings following his visit to the Stegalls' home. In answer to your two questions related to Hartford's position on the claim, Hartford's position remains the same as discussed with Timothy on March 18 and in my April 24 letter addressed to you. Until the Stegalls filed suit, Hartford believed it paid what was owed on the Stegalls' 2006 claim. Because the Stegalls never notified Hartford to say that the estimate written by the adjuster assigned by Hartford was insufficient, Hartford never had the opportunity to address any perceived shortfall in the claim payment before the claim was closed. Until the Stegalls filed suit, Hartford had no reason to believe anything else was owed because the Stegalls never presented The Hartford with an expert report or estimate for repairs that exceeded Hartford's estimate. Now that Mr. Perrault has inspected the Stegalls' home, Hartford is in a position to determine what, if anything, is still owed to the Stegalls.

      Regarding discovery, when this case was remanded to state court, you took the position that the Stegalls were not required to answer discovery served on them while the case was in federal court. Our request that you re-serve the Stegalls' discovery requests now that the case is back in federal court is consistent with that position. I look forward to receiving the discovery.

Michael T. Watkins
May 14, 2008
Page 2

I will be in touch with you regarding the availability of Hartford's 30(b)(6) designee for deposition. If you have questions in the meantime, do not hesitate to call.

Sincerely,

Toni Y. Anders

TYA

cc:   Lee S. Siegel
      John A. Bennett

10559596.1



# Law Offices of
# MICHAEL T. WATKINS

1100 DEXTER AVENUE, NORTH, SEATTLE, WA 98109
206.288.5888/FAX: 206.971.5080

| MICHAEL T. WATKINS* | SONIA CHAKALO | TIMOTHY A. BEARB |
| ATTORNEY AT LAW | PARALEGAL | ATTORNEY AT LAW |
| E-MAIL: MICHAEL@MTWLAWFIRM.COM | E-MAIL: SONIAC@MTWLAWFIRM.COM | E-MAIL: TIMOTHY@MTWLAWFIRM.COM |
| *ALSO ADMITTED IN CALIFORNIA | | |

August 12, 2008

VIA FACSIMILE
206.386.5130

Toni Anders, Esq.
Bullivant Houser Bailey, PC.
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101

RE:   *Roger and Janet Stegall v. Hartford Underwriters Insurance Company.*

Your Insured:          Roger and Janet Stegall
Your Claim No.:        PP0006877621
Date of Loss:          December 15, 2006

Dear Toni:

Thank you for your letter of August 11, 2008.  In that letter you inquired as to whether I would stipulate to the substance of our March 18, 2008 informal telephone conversations.

First, to the extent you would like me to acknowledge that you stated Hartford's position to me on March 18, as later memorialized in your April 24, 2008 and May 14, 2008 letters, I agree that you did.  Unfortunately, that position was not responsive to the inquiry.  Our March 17, 2008 pertinent communication correspondence asked:  "Have you completed your investigation of the Stegall's above-referenced claim . . . ."  Clearly, the intent of that question, and our follow-up questions, was to determine what had been done by Hartford to investigate the Stegalls' claim.

Hartford, through your correspondence, has repeatedly made reference to our March 18. 2008 discussion.  Hartford has asserted a number of times that the Stegalls never contacted it to express their concern with the

amounts Hartford paid on their claim.[1]  However, based on the discovery produced in this case, this position is incorrect.  Therefore, we cannot stipulate that Hartford's position is correct.  This fact is very much in contention and the produced discovery is clear on the matter.

Second, you have referenced our March 18, 2008 conversation in response to each attempt by the Stegalls to determine what Hartford has been investigating/doing to resolve this claim.  Consequently, a series of requests made by the Stegall's under the Washington Administrative Code have been met by repeated references to our conversation.

We believe that your March 18, 2008 position (asserted fully 3 months after suit was filed), as stated, and as memorialized in subsequent letters, was, and continues to be, non-responsive and not an "appropriate reply" pursuant to the applicable Washington Administrative Code sections.

Thank you for your attention to these matters and if you have any questions, please feel free to give us a call.

Very truly yours,

Timothy A. Bearb

---

[1] "Hartford's position remains the same as discussed with Timothy on March 18, and in my April 24 letter addressed to you.  Until the Stegalls filed suit, Hartford believed it paid what was owed on the Stegalls' 2006 claim.  **Because the Stegalls never notified Hartford to say that the estimate written by the adjuster assigned by Hartford was insufficient . . . .**" *May 14, 2008 Letter from Toni Anders to Michael Watkins. (emphasis added).*

"Specifically, I explained to Timothy that until the Stegalls filed suit, The Hartford believed it paid what was owed on the Stegalls' 2006 claim **and never had the opportunity to address any perceived shortfall in the claim payment before the claim was closed.**" *April 24, 2008 Letter from Toni Anders to Michael Watkins. (emphasis added).*

