UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER and JANET STEGALL,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>Defendants. | Case No. C08-668 MJP<br><br>ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' motion for partial summary judgment (Dkt. No. 13) and Defendant's cross-motion for partial summary judgment (Dkt. No. 18). After reviewing the motions, responses (Dkt. Nos. 18 & 21), replies (Dkt. Nos. 21 & 22), and all papers submitted in support thereof, the Court hereby DENIES Plaintiffs' motion and GRANTS Defendant's motion for the reasons set forth below.

**Background**

Defendant Hartford Underwriters Insurance Co. ("Hartford") issued a homeowner's policy of insurance to Plaintiffs. After a storm caused damage to their home and garage in December 2006, Plaintiffs submitted a claim under their homeowner's policy and Hartford sent

ORDER — 1

an adjuster to inspect the damage. The adjuster estimated that repairs would cost $7,121.82, a figure that Plaintiffs contend is insufficient. Plaintiffs allege that they informed Defendant that the estimate amount would not cover the cost of repairs, but Defendant asserts that Plaintiffs did not notify Hartford about any insufficiency in the claim payment until Plaintiffs filed this lawsuit. The current motions dispute whether Hartford's response to a March 17, 2008 inquiry about the status of Plaintiffs' claim violated Washington Administrative Code ("WAC") §§ 284-30-330(2) and 284-30-360(3).

## Analysis

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are facts "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

**I. The March 17, 2008 Communication**

Plaintiffs filed this action in December 2007. On March 17, 2008, Plaintiffs' attorney Timothy Bearb faxed a letter to Hartford's attorney Toni Anders. Mr. Bearb's letter requested "clarification of Hartford's position with respect to its investigation of the Stegall's claim" and asked:

> 1. Have you completed your investigation of the Stegall's above-referenced claim? If not, what additional information do you need to complete your investigation?
>
> 2. If you have completed your investigation of the Stegall's above-referenced claim, what amount do you contend they are owed pursuant to their insurance policy?

(Dkt. No. 13 at 18-19.) Mr. Bearb concluded his letter by requesting that Ms. Anders "respond to these questions pursuant to WAC 284.30.360(1)." (Id at 19.) Though records show that the

ORDER — 2

fax was received in the copy center of Ms. Anders' law firm, Ms. Anders asserts that it was not delivered to her. (Dkt. No. 19 at 2.) On March 18, 2008, Ms. Anders and Mr. Bearb had discussions concerning the settlement of this case, but Mr. Bearb did not mention the March 17 fax. (Dkt. No. 19 at 2-3.)

## II. Washington Law Regarding Claims Handling

Washington law prohibits those engaged in the business of insurance from committing "unfair or deceptive acts or practices in the conduct of such business." RCW § 48.30.010(1). The definition of unfair and deceptive practices includes the "fail[ure] to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." WAC § 284-30-330(2). Further, those engaged in the business of insurance are required to "acknowledge pertinent communications" within ten working days. WAC § 284-30-360(3). Plaintiffs allege that Hartford violated these sections of the WAC when it failed to respond to the March 17, 2008 letter from Mr. Bearb to Ms. Anders. (Dkt. No. 13 at 7.)

Plaintiffs filed this suit in December 2007 and the parties were involved in active litigation at the time of the March 17, 2008 inquiry. Both parties admit that their attorneys engaged in settlement discussions on March 18, 2008 and no mention was made of the previous day's fax. This Court must now decide whether the relevant WAC sections regarding the handling of insurance claims apply to these circumstances.

According to the evidence before the Court, the last recorded communication between Plaintiffs and Defendant concerning the Stegalls' claim occurred on January 29, 2007, ten months before Plaintiffs filed this action in December 2007. (Dkt. No. 13 at 27.) Defendant contends that it considered the Stegalls' claim "adjusted, paid, and closed" before Plaintiffs filed their suit. (Dkt. No. 18 at 2.) On this evidence, Defendant argues that its claim handling duties had concluded before the litigation commenced, and therefore the WAC sections at issue do not apply because they are "specifically applicable to the settlement of claims[.]" (Dkt. No. 18 at 9 (citing WAC § 284-30-330).)

ORDER — 3

Plaintiffs argue that the claims process is ongoing and assures the Court that "litigation and the claims process can follow separate, but parallel courses." (Dkt. No. 21 at 3.) Accordingly, Plaintiffs assert that the WAC sections applicable to claims handling should be applied to the claims process that accompanies, but is not part of, this litigation. Plaintiffs label the March 17, 2008 inquiry a "<u>claims</u> communication, not a litigation communication[,]" and distinguish the March 18, 2008 conversations between Mr. Bearb and Ms. Anders as "<u>settlement</u> talks regarding this litigation and not a claims discussion." (Dkt. No. 21 at 4, 6 (emphasis in original).)

This Court cannot accept Plaintiffs' formulation of a claims process separate from this litigation process. First, the litigation process in this Court is governed by the Federal Rules of Civil Procedure, which provide clear instructions on how opposing parties are to exchange information relevant to the legal dispute. The substance of the March 17, 2008 inquiry is an inextricable part of this litigation as it involves the contested insurance claim. Information relevant to the litigation must be delivered according to the applicable rules of discovery, and these rules are not supplanted by the WAC.

Second, this Court cannot blindly enforce the WAC claims handling sections without evaluating their purpose. Plaintiffs define this purpose as "expediency," to ensure that insurers respond to claims and claim-related inquiries in a timely fashion. (Dkt. No. 13 at 9.) Defendant's counsel communicated Hartford's position regarding the Stegalls' claim to Plaintiffs' counsel on March 18, 2008, one day after the March 17, 2008 inquiry was made. Such communication meets the purpose of the relevant WAC claims handling sections, and finding a violation of those sections in light of that communication would be absurd.

The Court therefore finds that the March 17, 2008 inquiry was made to Hartford's attorney in the course of litigation, and the claims handling sections of the WAC do not apply. Plaintiffs have failed to offer any authority to the contrary. Indeed, Washington courts have only applied WAC 284-30-330(2) and 284-30-360(3) in circumstances where an insurer failed to

ORDER — 4

respond to a claim-related inquiry made <u>before</u> litigation against the insurer was initiated.  See <u>Besel v. Viking Ins. Co.</u>, 105 Wn. App. 463, 476 (Wash. Ct. App. 2001); <u>St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.</u>, No. 80359-5, 2008 Wash. LEXIS 1055 (Wash. Nov. 26, 2008); <u>Am. Best Food, Inc. v. Alea London, Ltd.</u>, 138 Wn. App. 674, 692 (Wash. Ct. App. 2007).  When Plaintiffs filed this action, they effectively halted any claims settlement process and subjected themselves to the rules governing litigation.

**Conclusion**

Because WAC §§ 284-30-330(2) and 284-30-360(3) do not apply to the Plaintiffs' March 17, 2008 letter from Plaintiffs' attorney to Defendant's attorney, Plaintiffs' motion for partial summary judgment is DENIED and Defendant's motion for partial summary judgment is GRANTED.  The Court finds that Hartford's alleged failure to respond to Plaintiffs' March 17, 2008 inquiry did not violate WAC §§ 284-30-330(2) and 284-30-360(3), the Washington Consumer Protection Act, or breach the covenant of good faith, and these claims are DISMISSED with prejudice.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: January 7, 2009.

Marsha J. Pechman
U.S. District Judge

ORDER — 5