THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER and JANET STEGALL, husband and wife, and the marital community composed thereof,<br><br>                   Plaintiffs,<br><br>    v.<br><br>HARTFORD UNDERWRITERS INSURANCE COMPANY, an insurance company,<br><br>                   Defendant. | Case No. C08-668MJP<br><br>**MEMORANDUM RE: JURISDICTION** |

## I.    PROCEDURAL FACTS

On December 13, 2007 plaintiffs Roger and Janet Stegall (the "Stegalls") filed a Complaint in the King County Superior Court against their insurer, Hartford Underwriter's Insurance Company ("Hartford"). (*See* Declaration of Timothy A. Bearb at ¶ 3, Ex. 1.)

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

The Complaint included causes of action for breach of the Stegalls' homeowner's insurance policy and violations of various Washington Administrative Code claims handling regulations, as well as the Consumer Protection Act[1]. The Stegalls did not allege a specific damage amount in their Complaint. (Bearb Dec. ¶ 3.)

At the time the Stegalls filed their Complaint neither the Stegalls, nor their attorneys, knew the full extent of the plaintiffs' damages.

This case was initially removed to federal court by the defendant and later remanded to State court by Judge Zilly because Hartford was unable to prove by a preponderance of the evidence that the amount in controversy exceeded the diversity jurisdictional limit of $75,000. Subsequently, based upon plaintiffs' answers to interrogatories, Hartford removed the Stegalls' case for a second time to federal court.

On Thursday, May 7, 2009, a hearing was held before the Honorable Marsha J. Pechman regarding jurisdiction. The Court expressed jurisdictional concerns and requested briefing from the parties as to whether the Court had jurisdiction over the Stegalls' lawsuit.

It appears from the plaintiffs' interrogatory answers that at the time of removal the Stegalls' damages did not exceed the required $75,000 jurisdictional limit. Consequently, diversity jurisdiction is not properly laid in this Court and the case should be remanded to the King County Superior Court for adjudication.

## II.    EVIDENCE RELIED UPON

1.    Declaration of Timothy A. Bearb.

---

[1] Although Plaintiffs originally filed a demand with Hartford which included notice under the Washington Insurance Fair Conduct Act, Plaintiffs never amended their complaint to allege a WIFCA violation. In fact, the District Court has held a number of times that the statute, which became effective December 6, 2007, is not retroactive and could not apply in this case. *See Malbco Holdings, LLC v. AMCO Ins. Co.*, 546 F.Supp.2d 1130 (E.D. Wash 2008).

PLAINTIFFS' MEMORANDUM RE: JURISDICTION (08668)
— 2

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

### III.    ISSUE PRESENTED

1.    Should this case be Remanded to State Court because Hartford failed to prove by a preponderance of evidence that the amount in controversy exceeded $75,000, at the time of removal?

### IV.    ARGUMENT

**A. Hartford failed to establish the requisite amount in controversy.**

Defendant Hartford has the burden of proving, by a preponderance of the evidence, that the amount in controversy in this litigation exceeds $75,000 at the time of removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); *see also Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). The Ninth Circuit has held that Removal statutes are strictly construed against removal jurisdiction. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). Indeed, Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

This Court may consider whether it is "facially evident from the Complaint that more than $75,000 is in controversy." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). If, as in this case, the amount in controversy is not facially evident from the Complaint, or the Stegalls' interrogatory answers, the Court may consider "*facts* presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (emphasis added). The *Matheson* Court further stated that "[w]here doubt regarding removal exists, a case should be remanded to state court." *Id.*

When a complaint does not specify the amount of damages sought, the removing party must demonstrate the facts that support federal jurisdiction, including the jurisdictional amount, by

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

competent proof and by a preponderance. *Gaus*, 980 F.2d at 566-67.    As the Ninth Circuit

explained in *Gaus*, conclusory allegations that the damages are in excess of the jurisdictionally

required sum are insufficient to confer jurisdiction. *Id.* at 567; *see also, Burns v. Windsor*, 31 F.3d

1092, 1097 (11th Cir. 1994) (concluding that removing defendant did not meet burden of proving

amount in controversy where it offered "nothing more than conclusory allegations.").  The Ninth

Circuit stated:

> Mobay has offered no facts whatsoever to support the court's exercise of
> jurisdiction.    Instead, Mobay simply alleges that "the matter in current
> controversy . . . exceeds the sum of $50,000."  This allegation, although
> attempting to recite some "magical incantation," neither overcomes the
> "strong presumption" against removal jurisdiction, nor satisfies Mobay's
> burden of setting forth, in the removal petition itself, the *underlying facts*
> supporting its assertion that the amount in controversy exceeds $50,000.
>
> *Gaus*, 980 F.2d at 567.

The *Gaus* opinion cited the case of *Garza v. Bettcher Indus., Inc.*, 752 F.Supp. 753, 763

(E.D.Mich. 1990), for the following proposition:

> [The] defendant's bald recitation that "the amount in controversy exceeds
> $50,000," without the defendant identifying any specific factual
> allegations or provisions in the complaint which might support that
> proposition, should provoke *sua sponte* remand.
>
> *Gaus*, 980 F.2d at 567.

In this case the Complaint does not state an amount certain in controversy or a specific

amount sought by the Stegalls for damages. (*See* Bearb Dec. ¶ 3, Ex. 1.)  Further, defendant

Hartford supported its second Notice of Removal with nothing more than plaintiffs'' answers to a

specific interrogatory which, on its face, does not demonstrate that the amount in controversy

exceeds $75,000.  Defendant's assertion, without the presentation of any underlying facts to show

PLAINTIFFS' MEMORANDUM RE: JURISDICTION (08668)
—4

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

actual damage amounts, whether potential, probable, or liquidated, does not demonstrate that the amount in controversy exceeds $75,000.

Defendant's counsel had several conversations with plaintiffs' counsel, Mr. Bearb, regarding removal. (Bearb Dec. ¶ 4.) Defendant Hartford attempted to require plaintiffs to stipulate to a damage amount below $75,000 or face removal. (Bearb Dec. ¶ 4, Ex. 2.) Plaintiffs' inability to stipulate to a certain damage amount is not substantive evidence that the damages in this case exceed $75,000.

The Ninth Circuit has recently held that "if the complaint alleges damages in excess of the federal amount-in-controversy requirement, then the amount-in-controversy requirement is presumptively satisfied **unless 'it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum."** *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (emphasis added).

Here, the Stegalls, if successful, are only permitted recovery of a maximum of one $10,000 exemplary damage award under the Consumer Protection Act. *See Edmonds v. Scott Real Estate*, 87 Wn. App. 834, 850 (1997). Assuming Plaintiffs' answers to interrogatories constitute an allegation of damages in the "complaint," those answers are legally inaccurate to the extent they seek an individual award of exemplary damages under the CPA for each violation of the Washington Administrative Code[2].

In *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, the court stated that "in the Ninth Circuit we have permitted a determination of 'legal certainty' **when a rule of law or limitation of**

---

[2] It should be noted that less than 30 days prior to answering the interrogatories in question, Plaintiffs provided Hartford with an ER 408 settlement demand which totaled **$37,791.71, inclusive of attorneys fees.** (Bearb Dec. ¶ 5.). *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.")

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

**damage would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement."** 802 F.2d 362, 364 (9th Cir. 1986) (emphasis added).

Because Washington law does not allow multiple $10,000 exemplary damage awards under the CPA, it was 'virtually impossible' for the Stegalls to have met the amount in controversy requirement at the time this action was removed for the second time.

Here, removal was unwarranted based on the facts known to *either* party at the time removal was sought and the case should be remanded.

**B. Hartford may not re-remove this case to Federal Court if remanded.**

During oral argument Hartford suggested that if this case was remanded to state court it would simply re-remove the case back to federal court based on the current amount in controversy inclusive of attorneys fees. This is not permitted under the United States Code.

28 U.S.C. 1446 governs the procedure for removal. Subsection (b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that **a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.**

28 U.S.C. 1446(b).

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640: FAX: 206/971-5080

Here, the original action was commenced with the filing of the original complaint in King County Superior Court on December 13, 2007. (Bearb Dec. ¶ 3.) Thus, if this Court finds that it does not have jurisdiction in the instant case, the matter will not be subject to re-removal from state court.

### C.  Hartford may not include reasonable attorneys fees in its calculation of the amount in controversy in this case.

During oral argument it was suggested that jurisdiction could be supported by the inclusion of attorneys fees in this case. The inclusion of those fees, however, is precluded by the removal statutes and the Washington Consumer Protection Act.

28 U.S.C. 1332(a) states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, **exclusive of interest and costs**, and is between . . .

Consequently, interest on amounts owed and <u>costs</u> of the suit may not be included in the jurisdictional calculation. Federal Courts, addressing the issue of what items are included as "costs" in the offer of judgment context have stated that where the underlying statute lists reasonable attorneys fees as a part of the costs awarded to a prevailing plaintiff, those fees are not a separate line item, but instead are a cost themselves. The Ninth Circuit addressed this distinction in *Hayworth v. State of Nev.*, stating:

> The Supreme Court considered the applicability of Rule 68 to statutory fee-shifting provisions in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The Court upheld the application of Rule 68 to the fee-shifting provision of 42 U.S.C. Sec. 1983. **The Court reasoned that in an action under section 1983, all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.' <u>Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.</u>** Id. at 9, 105

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

> S.Ct. at 3016. Because the 1983 statute defined costs to include attorney fees, Rule 68 applied to bar a recovery for any attorney fees incurred after a Rule 68 offer was made when the plaintiff recovered less by judgment than the settlement offer. Id.  The FLSA statute differs from the 1983 statute with regard to its fee-shifting provision. **The FLSA statute defines attorney fees separately from costs. 29 U.S.C. Sec. 216(b). Therefore, unlike attorney fees in a section 1983 action, attorney fees in an FLSA action are not automatically shifted by Rule 68.** *Accord Fegley v. Higgins,* 19 F.3d 1126, 1135 (6th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir.1990) (dicta).

56 F.3d 1048, 1051 (9th Cir. 1995) (emphasis added).

In this case, attorneys fees for violation of the Washington Administrative Code are awarded, as an element of costs, based on the attendant violation of the Consumer Protection Act. The act states:

> Any person who is injured in his or her business or property by a violation of RCW <u>19.86.020</u>, <u>19.86.030</u>, <u>19.86.040</u>, <u>19.86.050</u>, or <u>19.86.060</u>, . . . may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, **together with the costs of the suit, <u>including</u> a reasonable attorney's fee**, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained:

RCW 19.86.090 (emphasis added).

Here, the Supreme Court and Ninth Circuit's interpretation of the language awarding attorneys fees would require that the fees in this case be labeled as "costs." Though federal cases acknowledge that attorneys fees can be used in the calculation of the amount in controversy, this is generally proclaimed in a general fashion without actual analysis of the attorneys fees claim, *see e.g. Kroske v. U.S. Bank Corp,* 432 F.3d 976, 980 (9th Cir. 2007), and the underlying statute in those circumstances generally sets out attorneys fees as separate from costs. *See e.g. Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees. Indeed, the Distributors' complaint seeks attorneys' fees claimed to be authorized pursuant to California Code of Civil Procedure sections 1021.5[3] and 1036, Civil Code 1780(d), and relevant sections of the Labor Code."); *see also Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("Employers who violate this provision . . . must pay plaintiffs a "reasonable sum for attorney fees" for prevailing in the litigation. OR. REV. STAT. § 652.200(2).[4] Because the relevant Oregon statutes provide for the payment of attorneys' fees, we include the fees in the amount in controversy.")

In *Kroske v. U.S. Bank Corp*, the Court stated "the amount in controversy includes the amount of damages in dispute, as well as, attorney's fees, if authorized by statute or contract." 432 F.3d 976, 980 (9th Cir. 2007). In the instant case, it is not attorney's fees that are authorized, but instead, costs under the Consumer Protection Act, which may include, among other things, attorneys fees.

As such, the attorneys fees would not be an appropriate part of the calculation of the amount in controversy under 28 U.S.C. 1332.

## V.   CONCLUSION

There are cases, as the instant case proves, in which the plaintiffs cannot anticipate from the outset, the value of their case. They are not obligated to overstate their damages to satisfy the

---

[3] "Upon motion, **a court may award attorneys' fees** to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if . . ." Cal. Code of Civ. Pro. § 1021.5 (emphasis added).

[4] "the court shall, upon entering judgment for the plaintiff, include in the judgment, **in addition to the costs** and disbursements otherwise prescribed by statute, **a reasonable sum for attorney fees** at trial and on appeal for prosecuting the action . . ." *See* Or. Rev. Stat. § 652.200(2) (emphasis added).

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

defendant's interest in a federal forum, but may plead conservatively, as was done here, to secure a state forum.

Defendant Hartford has not met its burden to show that the amount exceeds $75,000. The amount in controversy in this case is uncertain. In its removal request defendant Hartford failed to adequately support its assertion that the damages in this case exceed $75,000. As a consequence, diversity jurisdiction is not appropriate and this Court should remand this case to state court for all further proceedings.

DATED this _11th_ day of May, 2009.

LAW OFFICES OF MICHAEL T. WATKINS

Michael T. Watkins, WSBA #13677
Timothy A. Bearb, WSBA #39300
Joel B. Hanson, WSBA #40814
Attorney for Plaintiffs

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER and JANET STEGALL, husband and wife, and the marital community composed thereof,<br><br>     Plaintiffs,<br><br>  v.<br><br>HARTFORD   UNDERWRITERS INSURANCE COMPANY, an insurance company,<br><br>     Defendant. | Case No. C08-668MJP<br><br>**DECLARATION OF TIMOTHY A. BEARB IN SUPPORT OF PLAINTIFFS' MEMORANDUM RE: JURISDICTION** |

I, Timothy A. Bearb, declare as follows:

 1. I am over 18 years of age and otherwise competent to make this Declaration, which is based on my personal knowledge.

 2. I am an attorney licensed in the State of Washington. I work for The Law Offices of Michael T. Watkins which represents Mr. and Ms. Stegall in this litigation.

DECLARATION OF TIMOTHY A. BEARB — 1

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

3.     Attached as Exhibit No. 1 to this Declaration is a true and correct copy of the original complaint in this case, filed by Plaintiffs in King County Superior Court on December 13, 2007.

4.     On or about February 6, 2008, Counsel for Hartford Toni Anders spoke with me regarding the Stegalls' damages. Ms. Anders sought a stipulation that the amount in controversy was less than $75,000. Ms. Anders indicated that if no stipulation was forthcoming, the case would be removed to Federal Court. Attached as Exhibit No. 2 to this Declaration is a true and correct copy of the February 6, 2008 letter from Ms. Anders to myself regarding the amount in controversy.

5.     On March 27, 2008, this office transmitted a settlement demand offer to Hartford's counsel, Toni Anders, which contained a total demand, including attorneys fees, of $37,791.71. The demand was not accepted by Hartford.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

Signed at Seattle, Washington, this 11th day of May, 2009.

_____
Timothy A. Bearb

DECLARATION OF TIMOTHY A. BEARB — 2

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/400-6640; FAX: 206/971-5080

# EXHIBIT 1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| ROGER and JANET STEGALL, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD UNDERWRITERS INSURANCE COMPANY, an insurance company,<br><br>Defendant. | NO.<br><br>07-2-39457-5 SEA<br><br><br>COMPLAINT |

The plaintiffs, Roger Stegall and Janet Stegall (the "Stegalls"), by and through their attorney of record, Michael T. Watkins, allege as follow:

### I.    PARTIES AND JURISDICTION

1.1    The plaintiffs, Roger Stegall and Janet Stegall, are husband and wife who reside in King County, Washington.

1.2    Defendant Hartford Underwriters Insurance Company ("Hartford"), upon information and belief, is an insurance company properly licensed and doing business in the state

COMPLAINT — 1

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/288-5888; FAX: 206/288-5999

of Washington. At all times material hereto, Hartford insured Mr. and Mrs. Stegall pursuant to a homeowner's policy of insurance contract.

## II.    JURISDICTION

2.1    This court has jurisdiction over the parties in this action.

2.2    At all times material hereto defendant Hartford conducted business in King County, Washington; therefore venue is appropriate in King County.

## III.    FACTS

3.1    Hartford issued a homeowner policy of insurance to plaintiffs Stegall in force and effect on December 15, 2006. This policy of insurance included Property Coverage that provided, *inter alia*, insurance coverage for dwelling, personal property, loss of use and for losses caused by wind damage.

3.2    On December 15, 2006 plaintiffs Stegalls suffered a major property loss to their residence when trees and other debris fell on their home and garage. The damage extended to the roof and exterior of the home, as well as, the garage.

3.3    After the property loss the Stegalls submitted a claim under their homeowner's policy of insurance to Hartford to rebuild their home and garage to its original pre-loss condition with like, kind, and quality materials and professional workmanship.

3.4    Hartford breached its contract of insurance with the Stegalls in a number of respects including, but not limited to, failing to rebuild the Stegall home to its original pre-loss condition with like, kind, and quality materials and professional workmanship; and failing to pay the storage costs associated with the Stegall's personal property during the repairs.

## IV.    PLAINTIFFS' FIRST CAUSE OF ACTION AGAINST DEFENDANT

4.1    Plaintiffs reallege paragraphs 3.1 through 3.4 as if fully set forth herein.

COMPLAINT — 2

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/288-5888; FAX: 206/288-5999

4.2     Defendant Hartford had a contractual duty to its insureds, Mr. and Mrs. Stegall, to pay for wind damage repairs, additional living expenses and storage fees for their personal property in accordance with its contract of insurance with the plaintiffs.

4.3     Defendant Hartford breached the contract of insurance by failing in its obligations to the plaintiffs.

## V.     BAD FAITH

5.1     Plaintiffs reallege paragraphs 3.1 through 4.3 as if fully set forth herein.

5.2     Hartford's acts and omissions constitute bad faith in violation of Washington statutory and decisional law.  Such bad faith is a violation of the Washington Consumer Protection Act, RCW 19.86, *et. seq*.

## VI.     WASHINGTON ADMINISTRATIVE CODE VIOLATIONS

6.1     Plaintiffs reallege paragraphs 3.1 through 4.3 as if fully set forth herein.

6.2     Hartford's acts and omissions constitute violations of the insurance regulatory provisions of the Washington Administrative Code in a number of respects.  Such acts and omissions are also violations of the Washington Consumer Protection Act, RCW 19.86, *et. seq*.

## VII.     DAMAGES

7.1     As the proximate result of the foregoing, plaintiffs have suffered, and continue to suffer general damages in an amount to be proven at trial.

WHEREFORE, the plaintiffs, Roger and Janet Stegall, pray for the following relief:

A.     Judgment against the defendant for breach of contact;

B.     Judgment against the defendant for violations of the Consumer Protection Act, RCW 19.86 *et. seq*.

COMPLAINT — 3

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/288-5888; FAX: 206/288-5999

C.    Judgment against the defendant for violations of the Washington Administrative Code;

D.    Judgment against the defendant in an amount to fairly compensate plaintiffs for their general damages;

E.    An award of compensatory and punitive damages pursuant to RCW 19.86, *et. seq.*;

F.    Judgment against the defendant for attorneys fees and costs as allowed by law;

G.    For such other relief as the Court deems just and equitable.


DATED this  13th  day of December, 2007.

LAW OFFICES OF MICHAEL T. WATKINS

Michael T. Watkins, WSBA 13677

LAW OFFICES OF MICHAEL T. WATKINS

Timothy A. Bearb, WSBA 39300
Attorney for Plaintiffs

COMPLAINT — 4

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

ROGER and JANET STEGALL, husband and wife, and the marital community composed thereof,

                     Plaintiffs,

    v.

HARTFORD            UNDERWRITERS INSURANCE COMPANY, an insurance company,

                    Defendant.

NO.

07-2-39457-5 SEA

SUMMONS

**TO THE DEFENDANT: HARTFORD UNDERWRITERS INSURANCE COMPANY**

A lawsuit has been started against you in the above-entitled court by the plaintiffs. Plaintiffs' claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serving a copy upon the person signing this Summons within 40 days after

SUMMONS --- 1

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/288-5888; FAX: 206/288-5999

the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve your demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of a lawyer in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Civil Rules for Superior Court of the State of Washington.

DATED this _13th_ day of December, 2007.

LAW OFFICES OF MICHAEL T. WATKINS

Michael T. Watkins, WSBA #13677
Attorney for Plaintiffs

LAW OFFICES OF MICHAEL T. WATKINS

Timothy A. Bearb, WSBA #39300
Attorney for Plaintiffs

SUMMONS — 2

LAW OFFICES OF
MICHAEL T. WATKINS
1100 DEXTER AVENUE NORTH
SEATTLE, WA 98109
206/288-5888; FAX: 206/288-5999

# EXHIBIT 2

**ⒷⒽⒷ Bullivant|Houser|Bailey** PC

Attorneys at Law

# FAX

| | | | |
|---|---|---|---|
| **From:** | Toni Y. Anders | **Date:** | February 6, 2008 |
| **C/M #:** | 00149/00392 | **Reference:** | Hartford/Stegall |

---

### Number of pages being transmitted including the cover page: **3**

---

| | **Fax No.** | **Telephone No.** |
|---|---|---|
| **To:** Michael T. Watkins | (206) 288-5999 | (206) 288-5888 |
| Timothy A. Bearb | | |
| Law Offices of Michael T. Watkins | | |

---

**Message/Document(s) faxed:**


**Please call fax operator at (206) 521-6454 if all pages are not received.**

---

ORIGINAL DOCUMENTS:  Will follow by ☐ mail ☐ courier - OR - ☒  Will not follow unless requested.

---

**CONFIDENTIALITY NOTE:** The documents accompanying this facsimile transmission contain information belonging to Bullivant Houser Bailey which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone to arrange for return of the original documents to us.

As this facsimile may fade, you are advised to make photocopies for files to ensure a permanent record.

FAX OPERATOR:  Return originals to:    Kim Fergin                    Ext:    6450


FEB - 6 2008

---

**BHB** Bullivant|Houser|Bailey PC.

Attorneys at Law

Toni Y. Anders
Direct Dial: (206) 521-645K
E-mail: toni.anders@bullivant.com

February 6, 2008

*Via Facsimile*

Michael T. Watkins
Timothy A. Bearb
Law Offices of Michael T. Watkins
1100 Dexter Avenue North
Seattle, WA 98109

|  | Re: | Insured | : | Roger and Janet Stegall |
|---|---|---|---|---|
|  |  | Claim No. | : | YKG KDP 67859 |
|  |  | Date of Loss | : | 12/15/06 |

Dear Counsel:

This letter follows up my previous messages and conversation yesterday with Mr. Bearb in which I asked whether your clients' damages exceed $75,000. As I explained, we need this information to decide whether to remove this case to federal court. I understand that Mr. Bearb will review the file and get back to me.

Because we must remove by February 8, to expedite matters, I am including with this letter for your signature a stipulation that damages do not exceed $75,000. If we do not receive the signed stipulation by 5:00 p.m. Thursday, February 7, I will assume you will not so stipulate. Please call me if you have questions.

Sincerely,

Toni Y. Anders

TYA:tya
Attachment
3547841.1

1601 Fifth Avenue, Suite 2300, Seattle, WA 98101-1618 • 206.292.8930 Fax 206.386.5130

www.bullivant.com  |  Seattle  Vancouver  Portland  Sacramento  San Francisco  Las Vegas

THE HONORABLE PARIS K. KALLAS

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROGER and JANET STEGALL, husband and wife, and the marital community composed thereof,<br><br>        Plaintiffs,<br><br>    v.<br><br>HARTFORD UNDERWRITERS INSURANCE COMPANY, an insurance company,<br><br>        Defendant. | No.: 07-2-29457-5SEA<br><br>STIPULATION REGARD DAMAGES |

## I. **STIPULATION**

The parties, by and through their undersigned attorneys of record, hereby stipulate that Plaintiffs' damages do not exceed $75,000.

DATED this 6th day of February, 2008.

Bullivant Houser Bailey PC                    Law Offices of Michael T. Watkins


By _____             By _____
    John A. Bennett, WSBA # 33214            Michael T. Watkins, WSBA # 13677____
    Toni Y. Davis, WSBA #31238               Timothy A. Bearb, WSBA # 39300

Attorneys for Defendant Hartford              Attorneys for Plaintiffs
Underwriters Insurance Company

3547918.1

STIPULATION REGARDING DAMAGES                    Page 1        Bullivant|Houser|Bailey PC

1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER and JANET STEGALL, husband and wife, and the marital community composed thereof, | NO. C08-668MJP |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| HARTFORD UNDERWRITERS INSURANCE COMPANY, an insurance company, | |
| Defendant. | |

Under penalty of perjury under the laws of the State of Washington, I declare that on this 11th day of May, 2009, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system with which will send notification of such filing to the following:

Toni Anders,
Attorneys for Defendant Hartford
Bullivant House Bailey
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101
206/292-8930

Sonia Chakalo

CERTIFICATE OF SERVICE — 1